Glenn B. Stearns Chapter 13 Trustee
4343 Commerce Court, Suite 120
Lisle, IL 60532
Ph:630-577-1313  Fax:630-577-1341

In re:
JOHN PAPARTIS
IRENE PAPARTIS                                    PAUL C SHEILS
                                                  110 W BURLINGTON AV
Case No. 05 B 04010                               LA GRANGE IL
Account No. 500010028809                                                   60525


JOHN PAPARTIS                                     MB FINANCIAL BANK
1512 LAKEWOOD DR                                  6111 N RIVER RD 7TH FLR
JOLIET IL                                         ROSEMONT IL
             60435                                                         60018

NOTICE OF PAYMENT OF FINAL MORTGAGE CURE AMOUNT UNDER PARAGRAPH B(2)(b) OF PLAN

   Please take notice that the final payment of the cure amount specified in Paragraph 4 of Section E of the confirmed plan of the above referenced debtor has been paid. Pursuant to the plan, all pre-petition obligations of the debtor have been satisfied and the mortgage holder is required to treat the mortgage as reinstated and fully current unless the debtor has failed to make timely payments of post-petition obligations.

   If the debtor has failed to make timely payments of any post-petition obligation, the mortgage holder is required to itemize all outstanding payment obligations as of the date of the notice and file a statement of these obligations with the court. The notice shall be filed with the court within sixty (60) days (or as such longer time as the court may order) of the service of the notice of cure from the Trustee and the notice shall be served to the debtor, debtor's attorney, and the standing trustee. If the mortgage holder fails to file and serve a statement of outstanding obligations within the required time, the holder is then required to treat the mortgage as reinstated according to its original terms and fully current as of the date of the trustee's notice.

   If the mortgage holder does serve a statement of outstanding obligations within the required time, the debtor may (i), within thirty (30) days of the service of the statement, challenge the accuracy of the statement by a motion filed with the court as a contested matter with notice to the mortgage holder and the standing trustee or (ii), propose a modified plan to provide for payment of additional amounts that the debtor acknowledges or the court determines to be due. To the extent that the amounts set forth on a timely filed statement of outstanding obligations are not determined by the court to be invalid or are not paid by the debtor through a modified plan, the right of the mortgage holder to collect these amounts will be unaffected.

   Any costs of collection, including attorney fees, incurred by the mortgage holder after filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 4 of Section E may be added to that cure amount pursuant to court order on motion of the holder. Otherwise, any such costs of collection shall be claimed pursuant to sub-paragraph (b) above.

   The undersigned certifies that this notice was sent to the above named parties on March 13, 2007

                                          /S/ Kate Hayes
                                          _____

                                          For: Glenn Stearns, Standing Trustee